UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIET ERICKSON, an individual, and PETER LOCKYER, an individual,<br><br>   Plaintiffs,<br><br> v.<br><br>COUNTY OF NEVADA, by and through its Board of Supervisors, and Does 1-20,<br><br>   Defendants. | No. 12-cv-02880 JAM-CKD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This matter is before the Court on Defendant County of Nevada's ("Defendant") Motion to Dismiss (Doc. ##11, 12). Plaintiffs Juliet Erickson and Peter Lockyer ("Plaintiffs") oppose the motion (Doc. #16) and Defendant replied (Doc #18).[1] For the reasons set forth below, Defendant's motion is GRANTED.

  I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs originally filed this action on November 20,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 20, 2013.

1

1  2012, in Nevada County Superior Court against Defendant.
2  Defendant removed this action to this Court on November 28,
3  2012.  Id.  On December 11, 2012, Defendant moved to dismiss
4  Plaintiffs' complaint (Doc. ##6, 9) and the following day,
5  Plaintiffs filed a First Amended Complaint ("FAC") (Doc. #10).
6  In the FAC, Plaintiffs allege three causes of action against
7  Defendants: (1) Violation of 42 U.S.C. § 1983; (2) Inverse
8  Condemnation; and (3) Petition for Writ of Mandamus pursuant to
9  California Code of Civil Procedure § 1094.5.  FAC ¶¶ 12-47.
10 Subsequently, Defendant filed a new motion to dismiss
11 Plaintiffs' FAC (Doc. ##11, 12).
12      Plaintiffs are a married couple who own two adjoining
13 parcels in Penn Valley, Nevada County, California. Id. ¶¶ 1, 3.
14 Both parcels border a parcel owned by the Nevada Irrigation
15 District ("NID"), which had been used for water storage tanks.
16 Id. ¶ 2-3.
17      In 2010, Complete Wireless Consulting ("CWC") on behalf of
18 Verizon Wireless arranged to lease an area of NID's parcel to
19 erect a cell tower, and applied for a use permit to build the
20 tower.  Id. ¶ 13.  Plaintiffs and other homeowners opposed the
21 project.  Id. ¶ 14.  In February 2011, the initial Verizon
22 application was turned down on the ground that it would violate
23 Land Use and Development Code ("LUDC") Section L-II 3.8.  Id. ¶
24 15.
25      Shortly thereafter, on or about March 16, 2011, Plaintiffs
26 applied for a permit to construct a house and garage/office
27 structure on their vacant parcel.  Id. ¶¶ 16, 17.  In reviewing
28 Plaintiffs' permit application, the planner assigned to their

2

1  case informed them that the ridgeline across their property was
2  designated as a "Visually Important Ridgeline" within the
3  meaning of LUDC Section L-II 4.3.16, which requires the
4  preparation of a management plan if a project impacts a visually
5  important ridgeline or viewshed.  Id. ¶¶ 17-18.
6     Because the roof of Plaintiffs' proposed structure reached
7  an elevation of nineteen feet above the Visually Important
8  Ridgeline, Defendant required Plaintiffs to prepare and submit a
9  management plan to demonstrate that their proposed structure
10 would have no impact on views below the ridgeline. Id. ¶ 19.
11    On or about April 4, 2011, Verizon submitted a new
12 application to erect a cell tower along the same ridgeline.  Id.
13 ¶¶ 19-21.  Defendant, in processing the revised application, did
14 not require Verizon to submit a management plan and applied a
15 different definition of "ridgeline" from the one applied in
16 Plaintiffs' case.  Id. ¶¶ 22, 25.
17    On October 23, 2012, Defendant gave final approval to CWC
18 and Verizon's project.  Id. ¶ 34.  On November 13, 2012, the
19 County's Board of Supervisors denied Plaintiffs' appeal from the
20 terms and conditions of the management plan, which Defendant
21 imposed on Plaintiffs as a condition to building their proposed
22 structure.  Id.
23
24                        II.  OPINION
25    A.   Legal Standard
26    A party may move to dismiss an action for failure to state
27 a claim upon which relief can be granted pursuant to Federal
28 Rule of Civil Procedure 12(b)(6).  In considering a motion to

3

dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B. Judicial Notice

Defendant requests the Court to take judicial notice of Nevada County LUDC Sections L-II 4.3.16 and L-II 3.8, and Nevada County Board of Supervisors Resolutions No. 12-455 and No. 12-481. Request for Judicial Notice ("RJN"), Doc. #13, Exs. 1-4.

Courts may consider extrinsic evidence when "plaintiff's

claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." Knievel v. ESPN, 393 F.3d 1069, 1076 (9th Cir. 2005). Here, Plaintiffs directly cite or quote LUDC Sections L-II 4.3.16 and L-II 3.8 and Nevada County Board of Supervisors Resolution No. 12-455. FAC ¶¶ 2, 15, and 18. Moreover, Plaintiffs indirectly rely on Nevada County Board of Supervisors Resolution No. 12-481. Id. ¶¶ 16, 17, and 18.

Accordingly, the Court GRANTS Defendant's request for judicial notice pursuant to Federal Rule of Evidence 201.

C.   Discussion

   1.   Violation of 42 U.S.C. § 1983

Defendant contends that Plaintiffs have failed to establish a claim for violation of their constitutional rights because Plaintiffs have not alleged facts to show that they were discriminated against based on their membership in a protected class. Plaintiffs argue that they have sufficiently alleged an equal protection claim for a class of one, relying on Village of Willowbrook v. Olech, 528 U.S. 562 (2000) (per curiam).

Equal protection claims premised on differential treatment rather than on classification are class-of-one claims. Olech, 528 U.S. at 564. In Olech, a municipality conditioned water service for a property if the plaintiff granted a 33-foot easement, even though it required only a 15-foot easement from every other property owner. Id. at 563. The Court allowed the plaintiff to proceed on the class-of-one theory, recognizing claims where a "plaintiff alleges that she has been

1 intentionally treated differently from others similarly situated
2 and that there is no rational basis for the difference in
3 treatment." Id. at 564; N. Pacifica LLC v. City of Pacifica,
4 526 F.3d 478, 486 (9th Cir. 2008) (citing Olech, 528 U.S. at
5 564).
6   Here, Defendant argues primarily that Plaintiffs have not
7 alleged facts to show they were treated differently from
8 similarly situated property owners. Plaintiffs disagree,
9 arguing that they were treated differently from Verizon because
10 they both applied for permits to build along the Visually
11 Important Ridgeline but Defendant treated Verizon more leniently
12 than it did Plaintiffs. Specifically, Plaintiffs allege that
13 Defendant intentionally enforced LUDC Section L-II 4.3.16
14 against them, but not against Verizon. However, Plaintiffs and
15 Verizon sought distinct permits from the County to build
16 different structures even though they were both building along
17 the same ridgeline: Plaintiffs sought a permit for a residence,
18 while Verizon sought a permit for a communications tower. As a
19 result, Plaintiffs had to comply with the standards set forth in
20 LUDC Section L-II 4.3.16. See LUDC Section L-II 4.3.16, RJN Ex.
21 1; Resolution No. 12-481, RJN Ex. 4. Contrastingly, Verizon had
22 to comply with LUDC Section L-II 3.8, which only applies to
23 communication towers and facilities, and it was "not required or
24 obligated to conform to the standards set forth in Section L-II
25 4.3.16." Resolution No. 12-481, RJN Ex. 3, at 2. As both
26 parties point out, Section L-II 4.3.16 includes no reference to
27 communication towers. Opp. at 7; Reply at 4. Therefore, unlike
28 the plaintiff in Olech who sought the same type of water service

as the other property owners, Plaintiffs here are not similarly situated to Verizon.

Accordingly, the Court finds that Plaintiffs cannot allege that they were intentionally treated differently from others similarly situated.  Because Plaintiff cannot allege differential treatment, the Court does not find it necessary to analyze whether there was rational basis for the decision.  The Court further finds that the FAC cannot be saved by amendment and therefore granting Plaintiff leave to amend would be futile.

### 2. Remaining State Law Claims

Plaintiffs also seek compensation for alleged takings, but Plaintiffs' FAC does not specify whether its inverse condemnation claim is brought under federal or state law. However, Plaintiffs seek litigation expenses under California Code of Civil Procedure § 1036 ("Section 1036"), (FAC ¶ 42), which is only possible in an inverse condemnation claim under state law.  See Richmond Elks Hall Ass'n v. Richmond Redevelopment Agency, 561 F.2d 1327, 1334 (9th Cir. 1977) (holding that Section 1036 does not apply in suits filed under the Fifth Amendment).  Therefore, the Court finds that Plaintiffs' remaining claims arise under California law: inverse condemnation under state law and writ of mandate pursuant to California Code of Civil Procedure § 1085.

Where a district court has dismissed all claims over which it has original jurisdiction, it may *sua sponte* decline to exercise supplemental jurisdiction over remaining state law claims.  28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[P]endent jurisdiction is a

doctrine of discretion, not of plaintiff's right."); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n. 3 (9th Cir. 1997) (en banc) (noting that a district court may, but need not, *sua sponte* decide whether to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) once all federal law claims have been dismissed).  When deciding whether to exercise supplemental jurisdiction, the Court considers judicial economy, convenience, fairness to litigants, and comity with state courts. Gibbs, 383 U.S. at 726.  Where all federal claims have been dismissed, the balance of factors usually tips in favor of declining to exercise jurisdiction over the remaining state law claims and dismissing them without prejudice.  Gini v. Las Vegas Metro. Police Dep't., 40 F.3d 1041, 1046 (9th Cir. 1994).  Having dismissed Plaintiffs' federal claim and finding no diversity jurisdiction in Plaintiffs' FAC, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.  Accordingly, these claims are dismissed and may be re-filed in state court if Plaintiffs so choose.

### III. PAGE LIMITS SANCTIONS

Having reviewed Defendant's Counsel Scott A. McLeran's Reply (Doc. #18) to Plaintiff's Opposition to the Motion to Dismiss, the Court finds that Mr. McLeran has failed to comply with the Court's Order on Page Limits (Doc. #4).  Accordingly, Mr. McLeran is ordered to pay a sanction in the amount of $100.00 ($50.00 per page for the two pages over the page limit) within ten (10) days of the date of this order.

IV.   ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE Defendant's Motion to Dismiss:

(1) Plaintiff's first cause of action for violation of 42 U.S.C. § 1983.

The Court DISMISSES WITHOUT PREJUDICE:

(1) Inverse Condemnation; and

(2) Petition for Writ of Mandamus pursuant California Code of Civil Procedure § 1094.5.

Defendant's Counsel Scott A. McLeran is hereby ordered to pay $100 in sanctions within ten (10) days of the date of this order.

IT IS SO ORDERED.

Dated: March 26, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE