1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11  JULIET ERICKSON, an                    No.  12-cv-02880 JAM-CKD
    individual, and PETER
12  LOCKYER, an individual,

13            Plaintiffs,               **ORDER GRANTING DEFENDANT'S**
                                        **MOTION TO DISMISS**
14       v.

15  COUNTY OF NEVADA, by and
    through its Board of
16  Supervisors, and Does 1-20,

17            Defendants.

18

19       This matter is before the Court on Defendant County of

    Nevada's ("Defendant") Motion to Dismiss (Doc. ##11, 12).
20
    Plaintiffs Juliet Erickson and Peter Lockyer ("Plaintiffs")
21
    oppose the motion (Doc. #16) and Defendant replied (Doc #18).[1]
22
    For the reasons set forth below, Defendant's motion is GRANTED.
23

24
         I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND
25
         Plaintiffs originally filed this action on November 20,
26

27  _____
    [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28  for February 20, 2013.

                                      1

1  2012, in Nevada County Superior Court against Defendant.

2  Defendant removed this action to this Court on November 28,

3  2012.  Id.  On December 11, 2012, Defendant moved to dismiss

4  Plaintiffs' complaint (Doc. ##6, 9) and the following day,

5  Plaintiffs filed a First Amended Complaint ("FAC") (Doc. #10).

6  In the FAC, Plaintiffs allege three causes of action against

7  Defendants: (1) Violation of 42 U.S.C. § 1983; (2) Inverse

8  Condemnation; and (3) Petition for Writ of Mandamus pursuant to

9  California Code of Civil Procedure § 1094.5.  FAC ¶¶ 12-47.

10  Subsequently, Defendant filed a new motion to dismiss

11  Plaintiffs' FAC (Doc. ##11, 12).

12      Plaintiffs are a married couple who own two adjoining

13  parcels in Penn Valley, Nevada County, California.  Id. ¶¶ 1, 3.

14  Both parcels border a parcel owned by the Nevada Irrigation

15  District ("NID"), which had been used for water storage tanks.

16  Id. ¶ 2-3.

17      In 2010, Complete Wireless Consulting ("CWC") on behalf of

18  Verizon Wireless arranged to lease an area of NID's parcel to

19  erect a cell tower, and applied for a use permit to build the

20  tower.  Id. ¶ 13.  Plaintiffs and other homeowners opposed the

21  project.  Id. ¶ 14.  In February 2011, the initial Verizon

22  application was turned down on the ground that it would violate

23  Land Use and Development Code ("LUDC") Section L-II 3.8.  Id. ¶

24  15.

25      Shortly thereafter, on or about March 16, 2011, Plaintiffs

26  applied for a permit to construct a house and garage/office

27  structure on their vacant parcel.  Id. ¶¶ 16, 17.  In reviewing

28  Plaintiffs' permit application, the planner assigned to their

2

1  case informed them that the ridgeline across their property was

2  designated as a "Visually Important Ridgeline" within the

3  meaning of LUDC Section L-II 4.3.16, which requires the

4  preparation of a management plan if a project impacts a visually

5  important ridgeline or viewshed.  Id. ¶¶ 17-18.

6      Because the roof of Plaintiffs' proposed structure reached

7  an elevation of nineteen feet above the Visually Important

8  Ridgeline, Defendant required Plaintiffs to prepare and submit a

9  management plan to demonstrate that their proposed structure

10  would have no impact on views below the ridgeline. Id. ¶ 19.

11      On or about April 4, 2011, Verizon submitted a new

12  application to erect a cell tower along the same ridgeline.  Id.

13  ¶¶ 19-21.  Defendant, in processing the revised application, did

14  not require Verizon to submit a management plan and applied a

15  different definition of "ridgeline" from the one applied in

16  Plaintiffs' case.  Id. ¶¶ 22, 25.

17      On October 23, 2012, Defendant gave final approval to CWC

18  and Verizon's project.  Id. ¶ 34.  On November 13, 2012, the

19  County's Board of Supervisors denied Plaintiffs' appeal from the

20  terms and conditions of the management plan, which Defendant

21  imposed on Plaintiffs as a condition to building their proposed

22  structure.  Id.

23

24                      II.  OPINION

25      A.  Legal Standard

26      A party may move to dismiss an action for failure to state

27  a claim upon which relief can be granted pursuant to Federal

28  Rule of Civil Procedure 12(b)(6).  In considering a motion to

1   dismiss, the court must accept the allegations in the complaint
2   as true and draw all reasonable inferences in favor of the
3   plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),
4   overruled on other grounds by Davis v. Scherer, 468 U.S. 183
5   (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that
6   are mere "legal conclusions," however, are not entitled to the
7   assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678
8   (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
9   (2007)).  To survive a motion to dismiss, a plaintiff needs to
10  plead "enough facts to state a claim to relief that is plausible
11  on its face." Twombly, 550 U.S. at 570.  Dismissal is
12  appropriate where the plaintiff fails to state a claim
13  supportable by a cognizable legal theory.  Balistreri v.
14  Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

15      Upon granting a motion to dismiss for failure to state a
16  claim, the court has discretion to allow leave to amend the
17  complaint pursuant to Federal Rule of Civil Procedure 15(a).
18  "Dismissal with prejudice and without leave to amend is not
19  appropriate unless it is clear . . . that the complaint could
20  not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon,
21  Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

22      B.   Judicial Notice

23      Defendant requests the Court to take judicial notice of
24  Nevada County LUDC Sections L-II 4.3.16 and L-II 3.8, and
25  Nevada County Board of Supervisors Resolutions No. 12-455 and
26  No. 12-481.  Request for Judicial Notice ("RJN"), Doc. #13,
27  Exs. 1-4.

28      Courts may consider extrinsic evidence when "plaintiff's

4

1   claim depends on the contents of a document, the defendant

2   attaches the document to its motion to dismiss, and the

3   parties do not dispute the authenticity of the document."

4   Knievel v. ESPN, 393 F.3d 1069, 1076 (9th Cir. 2005).  Here,

5   Plaintiffs directly cite or quote LUDC Sections L-II 4.3.16

6   and L-II 3.8 and Nevada County Board of Supervisors Resolution

7   No. 12-455.  FAC ¶¶ 2, 15, and 18.  Moreover, Plaintiffs

8   indirectly rely on Nevada County Board of Supervisors

9   Resolution No. 12-481.  Id. ¶¶ 16, 17, and 18.

10       Accordingly, the Court GRANTS Defendant's request for

11   judicial notice pursuant to Federal Rule of Evidence 201.

12       C.   Discussion

13            1.   Violation of 42 U.S.C. § 1983

14       Defendant contends that Plaintiffs have failed to establish

15   a claim for violation of their constitutional rights because

16   Plaintiffs have not alleged facts to show that they were

17   discriminated against based on their membership in a protected

18   class.  Plaintiffs argue that they have sufficiently alleged an

19   equal protection claim for a class of one, relying on Village of

20   Willowbrook v. Olech, 528 U.S. 562 (2000) (per curiam).

21       Equal protection claims premised on differential treatment

22   rather than on classification are class-of-one claims.  Olech,

23   528 U.S. at 564.  In Olech, a municipality conditioned water

24   service for a property if the plaintiff granted a 33-foot

25   easement, even though it required only a 15-foot easement from

26   every other property owner.  Id. at 563.  The Court allowed the

27   plaintiff to proceed on the class-of-one theory, recognizing

28   claims where a "plaintiff alleges that she has been

5

intentionally treated differently from others similarly situated
and that there is no rational basis for the difference in
treatment."  Id. at 564; N. Pacifica LLC v. City of Pacifica,
526 F.3d 478, 486 (9th Cir. 2008) (citing Olech, 528 U.S. at
564).

Here, Defendant argues primarily that Plaintiffs have not
alleged facts to show they were treated differently from
similarly situated property owners.  Plaintiffs disagree,
arguing that they were treated differently from Verizon because
they both applied for permits to build along the Visually
Important Ridgeline but Defendant treated Verizon more leniently
than it did Plaintiffs.  Specifically, Plaintiffs allege that
Defendant intentionally enforced LUDC Section L-II 4.3.16
against them, but not against Verizon.  However, Plaintiffs and
Verizon sought distinct permits from the County to build
different structures even though they were both building along
the same ridgeline: Plaintiffs sought a permit for a residence,
while Verizon sought a permit for a communications tower.  As a
result, Plaintiffs had to comply with the standards set forth in
LUDC Section L-II 4.3.16.  See LUDC Section L-II 4.3.16, RJN Ex.
1; Resolution No. 12-481, RJN Ex. 4.  Contrastingly, Verizon had
to comply with LUDC Section L-II 3.8, which only applies to
communication towers and facilities, and it was "not required or
obligated to conform to the standards set forth in Section L-II
4.3.16."  Resolution No. 12-481, RJN Ex. 3, at 2.  As both
parties point out, Section L-II 4.3.16 includes no reference to
communication towers.  Opp. at 7; Reply at 4.  Therefore, unlike
the plaintiff in Olech who sought the same type of water service

6

1  as the other property owners, Plaintiffs here are not similarly
2  situated to Verizon.

3      Accordingly, the Court finds that Plaintiffs cannot allege
4  that they were intentionally treated differently from others
5  similarly situated.  Because Plaintiff cannot allege
6  differential treatment, the Court does not find it necessary to
7  analyze whether there was rational basis for the decision.  The
8  Court further finds that the FAC cannot be saved by amendment
9  and therefore granting Plaintiff leave to amend would be futile.

10              2.   Remaining State Law Claims

11      Plaintiffs also seek compensation for alleged takings, but
12  Plaintiffs' FAC does not specify whether its inverse
13  condemnation claim is brought under federal or state law.
14  However, Plaintiffs seek litigation expenses under California
15  Code of Civil Procedure § 1036 ("Section 1036"), (FAC ¶ 42),
16  which is only possible in an inverse condemnation claim under
17  state law.  See Richmond Elks Hall Ass'n v. Richmond
18  Redevelopment Agency, 561 F.2d 1327, 1334 (9th Cir. 1977)
19  (holding that Section 1036 does not apply in suits filed under
20  the Fifth Amendment).  Therefore, the Court finds that
21  Plaintiffs' remaining claims arise under California law: inverse
22  condemnation under state law and writ of mandate pursuant to
23  California Code of Civil Procedure § 1085.

24      Where a district court has dismissed all claims over which
25  it has original jurisdiction, it may sua sponte decline to
26  exercise supplemental jurisdiction over remaining state law
27  claims.  28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v.
28  Gibbs, 383 U.S. 715, 726 (1966) ("[P]endent jurisdiction is a

1  doctrine of discretion, not of plaintiff's right."); see also

2  Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n. 3 (9th Cir.

3  1997) (en banc) (noting that a district court may, but need not,

4  sua sponte decide whether to continue exercising supplemental

5  jurisdiction under 28 U.S.C. § 1367(c)(3) once all federal law

6  claims have been dismissed).  When deciding whether to exercise

7  supplemental jurisdiction, the Court considers judicial economy,

8  convenience, fairness to litigants, and comity with state courts.

9  Gibbs, 383 U.S. at 726.  Where all federal claims have been

10 dismissed, the balance of factors usually tips in favor of

11 declining to exercise jurisdiction over the remaining state law

12 claims and dismissing them without prejudice.  Gini v. Las Vegas

13 Metro. Police Dep't., 40 F.3d 1041, 1046 (9th Cir. 1994).  Having

14 dismissed Plaintiffs' federal claim and finding no diversity

15 jurisdiction in Plaintiffs' FAC, the Court declines to exercise

16 supplemental jurisdiction over Plaintiffs' remaining state law

17 claims.  Accordingly, these claims are dismissed and may be re-

18 filed in state court if Plaintiffs so choose.

19

20              III. PAGE LIMITS SANCTIONS

21      Having reviewed Defendant's Counsel Scott A. McLeran's

22 Reply (Doc. #18) to Plaintiff's Opposition to the Motion to

23 Dismiss, the Court finds that Mr. McLeran has failed to comply

24 with the Court's Order on Page Limits (Doc. #4).  Accordingly,

25 Mr. McLeran is ordered to pay a sanction in the amount of

26 $100.00 ($50.00 per page for the two pages over the page limit)

27 within ten (10) days of the date of this order.

28

8

1                                                IV.   ORDER

2     For the reasons set forth above, the Court GRANTS WITH

3 PREJUDICE Defendant's Motion to Dismiss:

4     (1) Plaintiff's first cause of action for violation of 42

5 U.S.C. § 1983.

6     The Court DISMISSES WITHOUT PREJUDICE:

7     (1) Inverse Condemnation; and

8     (2) Petition for Writ of Mandamus pursuant California Code

9 of Civil Procedure § 1094.5.

10     Defendant's Counsel Scott A. McLeran is hereby ordered to

11 pay $100 in sanctions within ten (10) days of the date of this

12 order.

13     IT IS SO ORDERED.

14 Dated: March 26, 2013             _____

15                            JOHN A. MENDEZ,
                           UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28